**IDEASSOCIATES, INC., Plaintiff,**

v.

**IDEATECH, INC., et al., Defendants.**

**Civ. A. No. 88–1462 (HHG).**

United States District Court,
District of Columbia.

Jan. 25, 1989.

Richard Cooper, Williams & Connolly, Washington, D.C., Lee Carl Bromberg, Rob-

ing the broad FOIA exemption (b)(7)(A), 5 U.S.C. § 552 § (b)(7)(A).

ert L. Kann, Bromberg, Sunstein & Cassel-man, Boston, Mass., for plaintiff.

L. Lawton Rogers, III, Joseph M. Killeen, Rogers & Killeen, Alexandria, Va., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Pending before the Court are motions for preliminary injunction by both the plaintiff and the defendants, each to enjoin the other from using IDEA formative trademarks. The Court will grant the plaintiff's motion but in modified form as explained below.

The plaintiff, Ideassociates, began in 1982 to market computer hardware and software products with various IDEA formative trademarks, such as IDEAcomm. The defendant, Ideamatics, was formed in 1976, and provided largely computer consulting services. In 1986, Ideamatics formed a subsidiary, defendant Ideatech, to market a computer product called the IDEAPHONE.

Plaintiff brought this action in 1988 alleging, *inter alia,* trademark infringement, and it subsequently filed its motion for a preliminary injunction. Defendants counterclaimed alleging that plaintiff infringed their trademark and filed their motion for a preliminary injunction.[1] The Court heard argument on the motions on January 18, 1989.

Granting either parties' motion for a preliminary injunction, as proposed, is not called for by the law, and it would also create severe hardship for the other party. This Court is not prepared to inflict such hardship on the present state of the record, inasmuch as there are host of contested factual issues which preclude the Court from making a determination at this time as to which party is likely to succeed on the merits.

On the other hand, the Court concludes that simply to deny both motions for a preliminary injunction would not serve the ends of justice. If the Court were to deny plaintiff's motion, the defendants would be able to increase their share of the computer hardware market under the IDEA formative trademark. Such expansion might lead to consumer confusion, although the Court does not make a determination that confusion would result, or that confusion currently exists.

On the other hand, to grant plaintiff's motion as plaintiff has proposed would require the defendants to change the mark on their existing inventory of the IDEA-PHONE product. The Court concludes, on the basis of oral representations by counsel, that such a requirement would impose substantial financial strain on defendants, which are small companies.

Similarly, the Court is not prepared, without further exploration of the true facts, to grant defendants' motion for preliminary injunction. To do that could be devastating to plaintiff's business operations for the mark would have to be removed from its inventory, even though it is not at all clear that plaintiff will ultimately lose on the merits.

For the reasons stated, the Court will not enjoin defendants from using the IDEA-PHONE, IDEAMATICS or IDEATECH mark on their existing inventory. Defendants are, however, enjoined from further entry into the computer products market[2] under the IDEA formative mark pending the final outcome of this action.

Such an injunction should create no hardship on the defendants. Defendants have represented that they have about 1,000 boards in present inventory. Given the pace of sales of this product as reflected in the record—thirty-one in the past year— and as represented at oral argument—ten in the past week—defendants' present business will not be disrupted. Moreover, dur-

---

1. Also pending are motions by the defendants to strike the plaintiff's memorandum in opposition to defendants' preliminary injunction motion and defendants' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Finding that these motions are without merit, the Court hereby denies all of them.

2. The injunction is in no way intended to impede defendants' use of the IDEAMATICS or IDEATECH mark as they have used those marks in their consulting and computer services business.

ing oral argument, defendants were unable to point to any other computer product currently ready for sale or distribution, stating only that such products are in the development stage.

It may be that the Court's decision to freeze the status quo will also encourage the parties to resume settlement discussions—an outcome particularly desirable in this case. An examination of the parties' motion papers suggests a host of factual disputes that would be likely to render decision of this case by a dispositive motion, such as a motion for summary judgment, difficult if not impossible. The Court hopes that the parties may be able to avoid the cost of a trial through an amicable resolution.

Finally, defendants, on January 6, 1989, filed a motion for a limited extension of discovery in order to depose Mr. Gupta, President of IDEAssociates, Inc., Ms. Gilda, Vice President of Marketing for IDEAssociates, Inc., and Donald DeVale, President of Industrial Design Engineering Associates, Inc. The Court finds good cause for the extension of discovery, and it will therefore grant defendants' motion to take the above-mentioned depositions.

Accordingly, it is this 24th day of January, 1989

ORDERED that defendants' motion for a preliminary injunction be and it is hereby denied; and it is further

ORDERED that plaintiff's motion for a preliminary injunction be and it is hereby granted in part; and it is further

ORDERED that defendants IDEAMATICS and IDEATECH, their officers, agents, employees, servants, attorneys, successors and assigns, be and they hereby are preliminarily enjoined from offering for sale or selling at wholesale or retail, or otherwise disposing of in commerce, any computer products bearing a trademark using the word "IDEA" and from advertising the sale of such products, provided however, that this injunction shall not apply to existing inventories or to defendants' consulting or services businesses; and it is further

ORDERED that defendants' motion for a limited extension of discovery for the purpose of taking the depositions of Mr. Gupta, Ms. Gilda, and Donald DeVale be and it is hereby granted; and it is further

ORDERED that the parties shall appear for a status call at 9:45 a.m., February 13, 1989, in Courtroom No. 1; and it is further

ORDERED that plaintiff shall post a bond in the amount of $5,000.